NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN BRIGGS, | |
| Petitioner, | Civil Action No. 15-5727(MCA) |
| v. | OPINION |
| PATRICK NOGAN and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | |
| Respondents. | |

**MADELINE COX ARLEO, District Judge**

## I. INTRODUCTION

This matter has been opened to the Court by the pro se Petition (ECF No. 1) of Kevin Briggs ("Petitioner") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1-1 at 9.) Petitioner's Reply also seeks an evidentiary hearing regarding alleged mental incompetence. (ECF No. 8 at 7-9.)

For the reasons explained below, the Court will: deny the Petition without prejudice; deny the request for an evidentiary hearing without prejudice; and allow Petitioner leave to file evidence demonstrating his entitlement to statutory tolling and/or equitable tolling. At this time, the Court will also order Respondents to file a full and complete answer to the Petition.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

### A. Factual Background

This Court, affording the state court's factual determinations the appropriate deference, see 28 U.S.C. § 2254(e)(1),[1] relies upon the recitation of facts as set forth by the Appellate Division of the Superior Court of New Jersey ("Appellate Division") in its August 12, 2014 written opinion. (ECF No. 6-15 ("*Briggs II*").) The *Briggs II* court affirmed the October 25, 2011 order of the Law Division of the Superior Court of New Jersey ("Law Division"), which had denied Petitioner's petition for post-conviction relief ("PCR"). (ECF No. 6-15 at 2-4.) The *Briggs II* court discerned the following facts from the record on appeal, which this Court considers along with other parts of the record that are pertinent to this Opinion:

On January 31, 2006, Petitioner pled guilty pursuant to a negotiated agreement to two counts of felony murder, N.J. Stat. Ann. § 2C:11-3(a)(3). In the course of burglarizing a residence, Petitioner had shot and killed the two occupants. Despite having committed two separate homicides, the State agreed to recommend

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

2

that Petitioner serve an aggregate term of thirty years without parole eligibility. (ECF No. 6-15 at 1-2.) Petitioner was sentenced on March 20, 2006 to thirty years for two counts of felony murder, plus a five year period of parole supervision upon his release. (ECF No. 1-1 at 3; ECF Nos. 6-1 – 6-6.)

B. **Procedural History**

Petitioner filed a notice of appeal of his conviction on April 27, 2007.[2] (ECF No. 6-7.) He moved on June 1, 2007 for leave to file that notice as within time. (ECF No. 6-8.) The Appellate Division granted such leave on June 20, 2007 (ECF No. 6-9). Petitioner's direct appeal challenged the excessiveness of his sentence. (ECF No. 6-15 at 2; ECF No. 1-1 at 3.)

On September 16, 2008, the Appellate Division affirmed Petitioner's sentence. *State v. Briggs*, No. A-005163-06 (N.J. App. Div. Sept. 16, 2008). (ECF No. 6-10.)

Petitioner did not file a petition for certification in the New Jersey Supreme Court. (ECF No. 8 at 6.)

Petitioner did not date his first petition for PCR relief (ECF No. 6-11 at 4), and he has not provided this Court with the date he filed that PCR petition. (ECF No. 1 at 7; ECF No. 6-11 at 2-5.)

---

[2] The 45-day period for Petitioner to file an appeal of his conviction had expired on May 4, 2006.

3

On October 25, 2011, the PCR trial court heard arguments. In a memorandum opinion, the court denied the PCR petition on December 21, 2011. (ECF No. 6-15 at 3; ECF No. 6-13 at 1-6.)

On July 23, 2012, Petitioner filed his notice of appeal of the denial of PCR relief. (ECF No. 6-14; ECF No. 6-15 at 3-4.)

Despite the untimeliness of Petitioner's appeal, the Appellate Division on August 12, 2014 affirmed on the merits the denial of PCR relief. (ECF No. 6-15.)

On February 17, 2015 (ECF No. 6-17), the Supreme Court of New Jersey denied Petitioner's August 27, 2014 petition for certification. (ECF No. 6-16.)

Petitioner filed his Petition for habeas relief on July 20, 2015. (ECF No. 1 at 15; ECF No. 1-2.)

On August 27, 2015, this Court entered an Order directing Respondents to file "a limited response on the issue of [the Petition's] timeliness." (ECF No. 2 at 2-3.)

On November 6, 2015, Respondents filed their Limited Answer with supporting exhibits, arguing that the Petition was untimely under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). (ECF No. 6 at 7; ECF Nos. 6-1 – 6-18.) On September 19, 2016, Petitioner filed a Reply, contending that his "failure to file a habeas petition within time is subject to equitable tolling," for which he "qualifies due to mental illness." (ECF No. 8 at 9.) He also requests "an evidentiary

4

hearing to develop the record as it pertains to his mental stability throughout a ten year appellate process." (*Id.*)

## III. ANALYSIS

### A. The Petition Appears Untimely, And The Present Record Does Not Support Statutory Tolling

Under AEDPA, Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of —

> (A) [T]he date on which the judgment became final by the conclusion of direct review *or* the expiration of the time for seeking such review;
> (B) [T]he date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) [T]he date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) [T]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Thus, except in extremely limited circumstances, a prisoner must file one all-inclusive petition within one year of the date when judgment of conviction becomes

5

final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d).

Under AEDPA's statutory tolling provision of § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Under this statutory tolling exception, AEDPA's one-year limitation period is tolled during the time a properly filed application for state PCR relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003); *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied*, *Horn v. Fahy*, 534 U.S. 944 (2001).[3]

Here, the New Jersey Appellate Division denied Petitioner's direct appeal and affirmed his sentence on September 16, 2008. (ECF No. 6-10.) Petitioner did not file a petition for certification to the New Jersey Supreme Court. (ECF No. 8 at 6.) State courts' criminal judgments become "final" for AEDPA purposes by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for

---

[3] An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000).

6

filing a petition for writ of certiorari in the United States Supreme Court. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999). Petitioner had 20 days to seek direct review of the New Jersey Appellate Division's September 16 affirmance of his sentence.[4]

However, where, as in this case, a litigant like Petitioner did not seek certification from the Supreme Court of New Jersey as to his direct appeal, his judgment of conviction became final, and his AEDPA period of limitations began to run, when his time to file such petition for certification expired, *i.e.*, twenty days after the Appellate Division enters decision. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); New Jersey Rule of Court 2:4-1(a). Thus, Petitioner's judgment of conviction became final for AEDPA purposes on October 6, 2008 (*i.e.*, 20 days after September 16, 2008). The one-year limitations period of the AEDPA began to run on October 7, 2008, and it expired one year later. Petitioner did not file his habeas Petition until July 23, 2015, making it untimely unless saved by statutory or equitable tolling.

---

[4] "If certification is sought to review a final judgment of the Appellate Division, the petitioner shall, within 20 days after its entry, serve a copy of a notice petition for certification upon all parties ... and shall file the original notice with the Clerk of the Supreme Court[.]" New Jersey Rule of Court 2:12-3.

7

The record suggests that statutory tolling does not remedy the Petition's untimeliness. Petitioner has not provided the date he filed his first PCR. (ECF No. 1 at 7.) However, Respondents' supplements to the record suggest that Petitioner filed that PCR petition on March 2, 2010. (ECF No. 6-12.)

Assuming Petitioner in fact filed his first PCR petition on March 2, 2010, that filing would not cure the Petition's untimeliness. The PCR application would have been Petitioner's first action that *might* have statutorily tolled the running of AEDPA's one-year limitations period. However, more than one year had already passed between the October 6, 2008 AEDPA-final judgment of conviction date and the March 2, 2010 PCR petition filing date. In other words, AEDPA's one-year period had already run by the time Petitioner took any action that might have tolled that limitations period.[5] When the Petition was filed on July 20, 2015, it missed the October 2009 AEDPA filing deadline. Under facts presently of record, the Petition is not saved by statutory tolling because over one year's worth of time had already lapsed by the time of the first PCR petition.

---

[5] *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (habeas limitations period is statutorily tolled while a properly filed state collateral relief petition is pending); *Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015) (statute of limitations is statutorily tolled while a petitioner has a properly filed PCR petition pending before the state courts) (citing *Swartz*, 204 F.3d at 419 and *Morris*, 187 F.3d at 337 n.1).

8

In light of Petitioner's pro se status, this Court will also consider equitable tolling.

## B. Petitioner Has Not Demonstrated Entitlement To Equitable Tolling

When, as here, statutory tolling is unavailable, AEDPA's statute of limitations may be equitably tolled in certain extraordinary circumstances. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *See Thomas*, 713 F.3d at 174 (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient. *Id.*

To claim equitable tolling, a habeas petitioner must show: (1) that he faced "extraordinary circumstances" that stood in the way of timely filing, and (2) that he exercised "reasonable diligence" in pursuing his rights throughout the period to be tolled. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562-63 (2010); *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon*, 654 F.3d at 399). To establish extraordinary circumstances for equitable tolling, a petitioner must show either that he has been actively misled, that he was prevented from asserting his rights in some extraordinary way, that he timely asserted his rights in the wrong forum, or that the court misled him regarding the steps he needed to take to

9

preserve his claim. *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999); *see also Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir.), *cert. denied*, 546 U.S. 957 (2005). "There are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon*, 654 F.3d at 399. The courts should only permit it "in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005).

Here, Petitioner has failed to demonstrate that this case is one of those "rare situation[s]." *LaCava*, 398 F.3d at 275.

First, Petitioner has not shown the "extraordinary circumstances" prong. He contends that he "qualifies for equitable tolling due to mental illness" (ECF No. 8 at 3), and in support he relies upon: (1) two "letters [that] were written five and four years prior to the incident that led to [my] indictment" (ECF No. 8 at 3 and 6): (a) the November 11, 1999 letter of psychiatrist Jocelynda Udasco, M.D., diagnosing Petitioner with "Major Depressive Disorder with psychotic features" (ECF No. 8-1 at 1 and 9; ECF No. 8 at 3 and 6 ("[Dr.] Udasco states that petitioner has been hospitalized five times for his mental illness from the ages of 4 - 22")); and (b) Dr. Udasco's August 2, 2000 psychiatric report as to Petitioner's diagnosis of "schizoaffective disorder depressed type" (*id.* at 11); (2) a "sticky note attached to [Petitioner's presentencing

intake form] from someone named John, written to trial counsel[,] [that] states 'we need to hire an expert to have him evaluated'" (ECF No. 8 at 5); and (3) "the presentence report stat[ing] that Petitioner has 'significant mental issues'") (*id.*). Petitioner argues that "an individual with the mental health history described by Dr. Udasco [in 1999 and 2000] couldn't possibly continually assert his rights over an appeal process that has spanned ten years." (ECF No. 8 at 4.)

Mental illness is not a *per se* reason to toll the statute of limitations for habeas petitions. *See Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds*, *Carey v. Saffold*, 536 U.S. 214. Rather, "the alleged mental incompetence must have affected the petitioner's ability to file a timely habeas petition." *Champney v. Sec'y Pennsylvania Dep't of Corr.*, 469 F. App'x 113, 117 (3d Cir.2012) (citing *Nara*, 264 F.3d at 320). The petitioner bears the burden of establishing his mental incompetence and how that illness affected his ability to file a timely habeas action. *Champney*, 469 F. App'x at 117. A mental condition which burdens but does not prevent a petitioner from meeting timely filing requirements does not constitute "extraordinary circumstances" for the purposes of equitable tolling. "District Courts within our Circuit take a totality of the circumstances approach when presented with an equitable tolling argument premised on the petitioner's mental

11

incompetency. A non-exclusive list of factors to consider includes: (1) [whether] petitioner [was] adjudicated incompetent and, if so, when did the adjudication occur in relation to the habeas statutory period; (2) [whether] the petitioner [was] institutionalized for his mental impairment; (3) [whether] the petitioner handled or assisted in other legal matters which required action during the federal limitations period; and (4) [whether] the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and/or medications." *Champney*, 469 F. App'x at 118.

As to these factors in this case: (1) Petitioner does not state that he has ever been adjudicated incompetent or institutionalized for his alleged mental impairments (ECF No. 8 at 5 (Petitioner's Reply Brief: "Petitioner could not have possibly been adjudicated incompetent…")); and (2) Petitioner has presented no "extrinsic evidence such as evaluations and/or medications" (*Champney*, 469 at 118) that he suffered any mental health changes after Dr. Udasco's August 2000 letter in which she had stated that Petitioner "is relatively stable." (ECF No. 8-1 at 11.) Notably, the record contains no evidence indicating that any mental impairments or deterioration occurred during the period October 2008 (i.e., when AEDPA's one-year limitations period began to run) and October 2009 (i.e., when AEDPA's statute of limitations period expired) (referred to herein as

12

the "Relevant Time Period") that would have affected his ability to make timely filings. Although Petitioner repeatedly refers to his "mental health problems" (ECF No. 8 at 3 and 12) and "medication change" (*id.* at 7), he has not identified or substantiated any medications allegedly taken, any specific diagnoses, or any health deterioration during the Relevant Time Period. He has not provided any medical records to this Court. Rather, Petitioner has only alleged a nonspecific "mental illness" that he contends rendered him incapable of comprehending legal matters "throughout the appellate process." (ECF No. 8 at 6.) This unsupported assertion lacks the necessary specificity and fails to draw a causal connection between the alleged mental impairment and the failure to timely file. In short, Petitioner has not shown how alleged mental health issues *prevented* him from timely seeking PCR or habeas relief.

The Third Circuit has not "held that 'mental health problems,' an undefined and expansive category, constitutes a basis for equitable tolling" in and of itself. *United States v. Harris*, 268 F. Supp.2d 500, 506 (E.D. Pa. 2003) (noting that equitable tolling requires "an inability to pursue one's legal rights" and "a nexus between the petitioner's mental condition and inability to file a timely petition"; determining that "a mental condition that burdens but does not prevent a prisoner from filing a timely petition does not constitute 'extraordinary

13

circumstances' justifying equitable tolling"). Petitioners cannot simply allege that mental impairment prevented timely filing. Rather, they must show that disability *actually* hindered filing of a timely petition. *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013) ("court[s] should be sparing in use of the [equitable tolling] doctrine"). Petitioner here has not done so.

Viewing the facts in the light most favorable to Petitioner, the Court finds that he has not carried his burden of demonstrating that he suffered from a mental health condition sufficiently "extraordinary" to warrant equitable tolling of AEDPA's statute of limitations. To the contrary, Petitioner's own habeas submissions suggest that he was capable of participating in the activities required to file a legal claim, such as communicating to other persons the details of his situation. (ECF No. 8 at 6, 13.) Petitioner's pro se status does not alter this analysis.

Second, Petitioner has not demonstrated the "reasonable diligence" prong for warranting equitable tolling. In the Third Circuit, pro se status does not necessarily justify tolling, even in combination with "mental incompetence . . . rising to the level of insanity." *Hedges v. United States*, 404 F.3d 744, 753 (3d Cir. 2005) (holding that depression, in combination with pro se status, was not sufficient basis for equitable tolling). That Petitioner proceeded pro se and has limited knowledge of

14

the law does not merit equitable tolling. "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799-800 (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003)). Petitioner failed to exercise reasonable diligence, in that he, inter alia, passively declined to file a petition for certification with the New Jersey Supreme Court and failed to file a PCR petition until after the one-year AEDPA limitations period began to run. Moreover, the claims asserted in Petitioner's habeas Petition were all available to him before the AEDPA limitations period expired; his claims are not based, for instance, on newly and recently discovered evidence. (ECF No. 1.)[6]

---

[6] Pursuant to Federal Rule of Civil Procedure 17(c)(2), a court "must appoint a guardian *ad litem* . . . to protect a minor or incompetent person who is unrepresented in an action." The Third Circuit has held, however, that courts need not order a psychiatric evaluation to determine whether an unrepresented person is mentally incompetent unless "there is some verifiable evidence of incompetence" such as "verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him ... legally incompetent." *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 012). Although Petitioner has raised claims of mental incompetence in support of equitable tolling, his arguments relate to his mental health in 1999 and 2000. (ECF No. 8-1 at 1-2.) He has presented no medical or psychiatric reports, nor any other "verifiable evidence from a mental health professional" demonstrating his lack of competence at past relevant time periods or at the present time. Accordingly, there is no basis for this Court to conduct a sua sponte inquiry into

15

In light of Petitioner's pro se status and his underlying arguments of mental incompetence, this Court will deny the Petition without prejudice. Under the facts currently of record with this Court, the Petition appears time-barred and is not saved by either statutory or equitable tolling. Over one year had already passed when Petitioner filed his first PCR petition, and so statutory tolling is unavailable. Further, Petitioner has not met his burden to establish a basis for equitable tolling of the limitations period because he has demonstrated neither that "extraordinary circumstances" prevented him from filing on time nor that he acted with "reasonable diligence" to file as soon as he could.

The Court will allow Petitioner leave to file materials that demonstrate entitlement to statutory tolling, as described above in this Opinion. Specifically, if he chooses, Petitioner may submit evidence that he filed his first PCR petition prior to March 2, 2010 (referred to as "PCR Evidence"). If he chooses to do so, Petitioner must file this PCR Evidence within 30 days of the date of this Opinion.

The Court will also allow Petitioner leave to file materials that support his claim of equitable tolling.

---

Petitioner's competency or to order a medical evaluation. However, Petitioner's future filings in this case, if any, may alter the Court's decision in this regard.

Specifically, if he chooses, Petitioner may submit evidence demonstrating: (1) his medical condition(s) that would have prevented him from timely seeking PCR relief and from timely filing the Petition, and (2) his exercise of reasonable diligence in pursuing PCR and habeas relief (items (1) and (2) referred to as "Equitable Tolling Evidence"). If he chooses to do so, Petitioner must file his Equitable Tolling Evidence within 30 days of the date of this Opinion.

In the event Petitioner does not file any PCR Evidence or any Equitable Tolling Evidence within 30 days of the date of this Opinion, this Court shall dismiss the Petition with prejudice. However, in the event Petitioner does timely file any such PCR Evidence or Equitable Tolling Evidence, Respondents may respond to such evidence within 30 days after Petitioner files the evidence.

At this time, and given the age of this case and the possibility that Petitioner might establish a basis for tolling, the Court will also direct Respondents to file a full and complete answer to the Petition within 45 days of the date of this Opinion if petitioner files any PCR or equitable tolling evidence. Respondents' answer shall respond to the factual and legal allegations of the Petition by each paragraph and subparagraph. Respondents shall raise any appropriate defenses that they wish to have the Court consider.

The Court will deny Petitioner's demand for an evidentiary hearing. Petitioner having failed to make the threshold proffer necessary for equitable tolling, his hearing request does not merit further written discussion and is denied at this time. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 n.2 (3d Cir. 1991) (petitioner not entitled to evidentiary hearing based on "bald assertions and conclusory allegations"). However, in the event Petitioner elects to submit additional materials regarding tolling in accordance with this Opinion, he may renew his request for an evidentiary hearing at that time if he chooses.

## IV. CONCLUSION

For all of these reasons, the Petition appears untimely. The record does not support statutory or equitable tolling. Therefore, the Petition and the request for evidentiary hearing will be denied without prejudice. An appropriate Order follows.

Dated: May 16, 2018

Madeline Cox Arleo
United States District Judge