## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEVIN BRIGGS, | : | |
| | : | Civil Action No. 15-5727(MCA) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PATRICK NOGAN and THE | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF NEW JERSEY, | : | |
| | : | |
| Respondents. | : | |
| | : | |

**MADELINE COX ARLEO, District Judge**

## I.  INTRODUCTION

This matter was opened to the Court by the pro se Petition (ECF No. 1) ("Petition") of Kevin Briggs ("Petitioner") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1-1 at 9.)

In this Court's May 16, 2018 Order and accompanying Opinion (ECF Nos. 10 and 11), this Court: denied the Petition without prejudice; denied without prejudice Petitioner's request for an evidentiary hearing regarding alleged mental incompetence; and allowed Petitioner leave to file evidence on or before June 15, 2018 demonstrating his entitlement to statutory tolling and/or equitable tolling. As of the time of this Court's May 16 Opinion, Petitioner had not provided the date he filed his first

petition for post-conviction relief ("PCR") (ECF No. 1 at 7),
which would have been his first action that *might* have
statutorily tolled the running of AEDPA's one-year limitations
period. However, Respondents' supplements to the record
suggested that Petitioner filed that PCR petition on March 2,
2010. (ECF No. 6-12.) This Court's May 16 Opinion allowed
Petitioner leave to file materials demonstrating entitlement to:
statutory tolling, such as evidence that he filed his first PCR
petition prior to March 2, 2010; or equitable tolling, such as
evidence of his mental condition. (ECF No. 10 at 16; ECF No. 11
at 2.) Finally, this Court also ordered Respondents to file a
full and complete answer to the Petition within 45 days of the
May 16, 2018 Order. (ECF No. 11 at 3.)

On June 4, 2018, Petitioner filed a letter enclosing six
documents (referred to herein as his "PCR Evidence"), which he
describes as "my PCR Evidence showing that I filed my PCR before
March 2, 2010." (ECF No. 12.) Petitioner has not provided any
arguments or other material in favor of statutory tolling. He
also did not submit any evidence or arguments to bolster his
allegation of mental incompetency in his Reply. (ECF No. 8 at 3-
8.)

On August 31, 2018, Respondents filed a letter with this
Court, seeking leave for an extension of time until October 1,
2018 to file their answer to the Petition. (ECF No. 14

("Extension Request".)

While the Court has considered Respondents' Extension Request, this Court no longer requires a response to the Petition because Petitioner's PCR Evidence demonstrates that the Petition is time-barred and he has not provided a valid basis for equitable tolling. As such, the Petition will be denied on that basis and no certificate of appealability shall issue.

## II.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

The factual background and procedural history pertinent to the Petition were set forth at length in this Court's May 16, 2018 Opinion. (ECF No. 10 at 2-5.)

## III.  DISCUSSION

### A. The Petition Is Untimely, And Petitioner Has Not Demonstrated Facts Supporting Statutory Tolling

As noted in this Court's May 16, 2018 Opinion, Petitioner's judgment of conviction became final for AEDPA purposes on October 6, 2008.[1] (*i.e.*, 20 days after September 16, 2008 -- the

---

[1] The New Jersey Appellate Division denied Petitioner's direct appeal and affirmed his sentence on September 16, 2008. (ECF No. 6-10.) Petitioner did not file a petition for certification to the New Jersey Supreme Court. (ECF No. 8 at 6.) State courts' criminal judgments become "final for AEDPA purposes by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999). Petitioner had 20 days to seek direct review of the New Jersey Appellate Division's September 16 affirmance of his sentence.

3

date on which the New Jersey Appellate Division denied Petitioner's direct appeal and affirmed his sentence (ECF No. 6-10).) The one-year limitations period of the AEDPA began to run on October 7, 2008, and it expired one year later. Petitioner did not file his habeas Petition until July 23, 2015, making it untimely unless saved by statutory or equitable tolling. His PCR application would have been Petitioner's first action that *might* have statutorily tolled the running of AEDPA's one-year limitations period. Petitioner did not date his first petition for PCR relief. (ECF No. 6-11 at 4.) As noted above, Petitioner had not, at the time of this Court's May 16, 2018 decision, provided the date he filed that PCR petition. (ECF No. 1 at 7; ECF No. 6-11 at 2-5.) His PCR Evidence submitted on June 4, 2018 still does not do so. Petitioner is incorrect when he states: "I filed my PCR before March 2, 2010." (ECF No. 12 at 1.) His PCR Evidence provides nothing to show that his PCR petition was in fact filed, let alone the date on which he did so.

Under AEDPA's statutory tolling provision of § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Under this statutory tolling exception, AEDPA's one-year limitation period is tolled during the time a properly filed application for state

4

PCR relief is pending. *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003); *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied, Horn v. Fahy*, 534 U.S. 944 (2001). The Supreme Court has stated that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (emphasis in original). This compliance requirement includes rules governing the "form of the document" and "the time limits upon its delivery." *Id.; see also Fahy,* 240 F.3d at 243 (a "properly filed" application must be "'submitted according to the state's procedural requirements, such as the rules governing the time and place of filing'") (citation omitted). Thus, to determine whether or not a state PCR petition is properly filed, '"we must look to state law governing when a petition for collateral relief is properly filed' and 'defer to a state's highest court when it rules on an issue.'" *Merritt*, 326 F.3d at 165 (quoting *Fahy*, 240 F.3d at 243-44).

In New Jersey, "the rules in Part III [of the State's Rules of Court] govern the practice and procedure … in the Superior Court Law Division." New Jersey Rule of Court 3:1-1. Under New Jersey Rule of Court 3:22-1, petitioners must file their PCR petition "with the criminal division manager's office of the county in which the conviction took place" (referred to as "the PCR Office"). New Jersey Rule of Court 3:22-1; *see also McKnight*

5

*v. Office of Pub. Def.*, 962 A.2d 482, 484 (N.J. 2008) ("Our court rules provide that a PCR petition must be 'file[d] with the criminal division manager's office of the county in which the conviction took place[,]' R. 3:22-1, that the petition must be transmitted [by the criminal division manager] to the appropriate county prosecutor, R. 3:22-7, and that notification of the petition's filing must be given to the Assignment Judge or the Assignment Judge's designee, *ibid.*").

Thus, to comply with N.J. Ct. R. 3:22-1 and to be "properly filed" for purposes of statutory tolling within the meaning of 28 U.S.C. § 2244(d)(2), Petitioner needed to submit his PCR petition to the criminal division manager's office in the county where his conviction took place.

Here though, Petitioner's PCR Evidence consists only of several letters and a postage remits, as described below:

(1)   Letter dated December 22, 2008 from the New Jersey Office of the Public Defender ("P.D.'s Office") to Petitioner, acknowledging receipt of a copy of Petitioner's PCR petition and directing him to file it with the PCR Office. (ECF No. 12 at 2) ("We received a copy of your Post-Conviction Relief paperwork. If you have not already done so, please make sure you file a copy with the Criminal Division Manager's Office at the address below … Once a PCR application is filed with the Court, the

Court reviews the paperwork to determine if the petitioner qualifies to be represented by an attorney from this Office"));

(2)  New Jersey State Prison postage receipts ("Postage Receipts") showing unspecified mail sent on December 17, 2008 to: the Essex County Prosecutor; the Criminal Division Manager in Newark; and Ingrid Yurchenco, Esquire. (*Id.* at 3-4.);

(3)  Letter dated June 23, 2009 from the P.D.'s Office to Petitioner, acknowledging receipt of a copy of Petitioner's PCR petition and directing him to file it with the PCR Office. (*Id.* at 5) ("We received a copy of your Post-Conviction Relief paperwork. If you have not already done so, please make sure you file a copy with the Criminal Division Manager's Office at the address below … Once a PCR application is filed with the Court, the Court reviews the paperwork to determine if the petitioner qualifies to be represented by an attorney from this Office"));

(4)  Letter dated June 24, 2009 from the Office of the New Jersey Attorney General to the Essex County Prosecutor, enclosing a copy of Petitioner's PCR petition. (*Id.* at 6 ("In view of the nature of this matter, we assume that your office is handling it in the normal course"));

(5)  February 19, 2010 letter from the P.D.'s Office to Petitioner, noting that the Office still had no record of Petitioner's PCR petition having been filed with the PCR Office:

> I am in receipt of your letter of February
> 15, 2010, inquiring about the status of your
> petition for post-conviction relief. As of
> today, we have not received a filed copy of
> your petition and an assignment order from
> the court, which we will need before we open
> a file on your behalf … I recommend you
> follow up directly with the court. Please
> double check that your filing is a
> cognizable PCR, and refile it directly with
> the Essex County Criminal Division Manager's
> Office.

(*Id.* at 7); and

(6)  Letter dated March 15, 2010 from the P.D.'s Office to the PCR Office, acknowledging the P.D. Office's receipt of Petitioner's PCR petition and stating that the Office is "in the process of preparing this case for attorney assignment." (*Id.* at 8.)

None of these submissions demonstrate that Petitioner filed his PCR petition with criminal division manager's office of the county in which his conviction took place, much less the date on which such filing purportedly occurred. The PCR Evidence does not include any material conclusively demonstrating the date on which the PCR petition was *actually* filed *with the PCR Office.* Thus, none of the PCR Evidence demonstrates that his PCR petition was "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) so as to trigger statutory tolling on any particular date. Contrary to Petitioner's contention that his PCR Evidence "shows [he] filed [his] PCR before March 2, 2010" (ECF No. 12 at

1), his submissions instead demonstrate: it was very clear that his PCR petition still had *not* been filed with the PCR Office as of June 23, 2009 (*id*. at 5); and, even as late as February 19, 2010 (*id*. at 7), the P.D.'s Office *still* had not received any time-stamped copy of his PCR petition showing that it *was*, in fact, filed with the PCR Office.

Petitioner is, then, incorrect in his contention that his "PCR Evidence show[s] that [he] filed [his] PCR before March 2, 2010." (ECF No. 12 at 1.) It appears from his submissions that Petitioner may have repeatedly followed up with the P.D.'s Office and perhaps provided them with copies of his PCR petition to learn whether he might be assigned pro bono counsel, but such correspondence is irrelevant to the "properly filed PCR" determination under § 2244(d)(2) and New Jersey Rule of Court 3:22-1. The PCR Evidence shows merely the dates by which the PCR petition was still not *filed* with the *PCR Office*. The PCR Evidence thus leaves this Court with no information -- beyond that which it already had as of its May 16, 2018 Opinion -- as to the date of Petitioner's first action that *might* have statutorily tolled the running of AEDPA's one-year limitations period.

Petitioner's submission of the Postage Receipts (ECF No. 12 at 3-4) does not alter this conclusion for at least two reasons.

First, the New Jersey Supreme Court has not determined whether the prisoner mailbox rule[2] applies to the filing of a PCR petition.[3] Within this District, some federal courts have found that a petitioner's New Jersey PCR petition is not considered filed until it is actually received by the state court.[4] Therefore, even if the December 17, 2008 Postage Receipts (ECF No. 12 at 3-4) relate in some manner to Petitioner's mailing of his PCR Petition to the PCR Office (a hypothetical fact as to which this Court makes no finding), there is no prisoner mailbox rule applicable to PCR petitions in New Jersey. Petitioner needs to provide a time-stamped copy of the date his PCR petition was filed with the PCR Office. He has not done so.

Second, even if the prisoner mailbox rule were applicable to the filing of Petitioner's PCR petition, he fails to establish that this Court should apply such a rule to invoke statutory tolling here. As noted above, the record in this case

---

[2] Under federal law, a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988). State law, however, determines when a PCR petition is "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005); *Merritt*, 326 F.3d at 165 (quoting *Fahy*, 240 F.3d at 243-44).

[3] *See Garcia v. Bartkowski*, No. 11-3689, 2015 WL 857737, *6 (D.N.J. Feb 27, 2015) (relying on *Oliver v. Lee*, No. L-6590-08, 2012 WL 1414081, *3 (N.J. Super. App. Div. Apr. 25, 2012)).
[4] *See, e.g., Mallard v. Bartkowski*, Civil No. 11-3442, 2013 WL 2481262 (D.N.J. June 10, 2013) (citing *Oliver*, 2012 WL 1414081 at *3); *Prall v. N.J.D.O.C.*, No. 11-6355, 2014 WL 1745002, *7 (D.N.J. Apr 29, 2014).

10

provides no proof of Petitioner's actual mailing of his PCR petition. Petitioner has not presented any evidence as to when he handed his PCR application to prison officials to be mailed. In short, there is no evidence in the record documenting what items were mailed to whom in relation to the Postage Receipts. Accordingly, even if the prisoner mailbox rule was applicable to Petitioner's PCR petition under New Jersey law, he fails to provide proof that it should be applied in this case to make his PCR petition deemed "properly filed" on December 17, 2008.

Petitioner filed his PCR more than one year after his conviction became final. There is nothing in the record before this Court showing a properly filed PCR pending at the time his conviction became final. The letters that Petitioner submitted do not say the PCR *was, in fact, filed* with the *PCR Office*. His PCR Evidence is merely a series of acknowledgements of receipt of copies of his petition at the P.D.'s Office. For all of the foregoing reasons, statutory tolling is unavailable.

## B. **Petitioner Has Not Submitted Any Evidence Or Argument As To Equitable Tolling**

Petitioner's cover letter to his June 19, 2018 submission states only that the PCR Evidence demonstrates his entitlement to statutory tolling. (ECF No. 12 at 1.) This Court will, however, also consider that PCR Evidence in the context of equitable tolling as well, given Petitioner's pro se status, his

assertion of equitable tolling in his Reply to Respondents' Limited Answer to the Petition, and this Court's May 16, 2018 Opinion and Order. However, this additional consideration does not alter the result of the tolling analyses herein. The PCR Evidence does not demonstrate that: (1) Petitioner mailed his PCR application to the PCR Office prior to March 2, 2010 and that due to extraordinary circumstances the application was never docketed; and (2) he was reasonably diligent in trying to preserve his rights before the limitations period expired. The PCR Evidence therefore does not merit equitable tolling.

As noted in this Court's May 16, 2018 Opinion, a habeas petitioner who seeks equitable tolling must show that: (1) he faced "extraordinary circumstances" that stood in the way of timely filing, and (2) he exercised "reasonable diligence" in pursuing his rights throughout the period to be tolled. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562-63 (2010); *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014). To establish extraordinary circumstances for equitable tolling, a petitioner must show either that he has been actively misled, that he was prevented from asserting his rights in some extraordinary way, that he timely asserted his rights in the wrong forum, or that the court misled him regarding the steps he needed to take to preserve his claim. *See Jones v. Morton*, 195

F.3d 153, 159 (3d Cir. 1999); *see also Brinson v. Vaughn*, 398
F.3d 225, 230 (3d Cir.), *cert. denied*, 546 U.S. 957 (2005).

Petitioner's PCR Evidence does not demonstrate "reasonable
diligence" in the face of "extraordinary circumstances."

Petitioner was expressly told no less than three times by
the P.D.'s Office that he needed to file his PCR application
with the PCR Office. (ECF No. 12 at 2 (December 22, 2008
letter), at 5 (June 23, 2009 letter), and at 7 (February 19,
2010 letter).) In New Jersey, counsel is not appointed for PCR
petitioners until petitioners file their PCR applications with
the PCR Office (*see* New Jersey Rule of Court 3:22-6(a)), and
that appears to be what the P.D.'s Office was communicating to
Petitioner in their three letters. Until such time as Petitioner
filed his petition with the *PCR Office*, there was no matter in
which the P.D.'s Office could be assigned as Petitioner's
counsel.

There is nothing in the record suggesting that Petitioner
followed the P.D. Office's directive or followed up with them to
question their statements that the petition had not yet been
filed. After realizing that his application may not have been
received or docketed with the PCR Office, Petitioner should have
taken action to rectify the matter or inquire further. His
failure to do so for more than a year, in the face of clear
notice of the steps he needed to take, demonstrates his lack of

13

reasonable diligence. Even if he placed his PCR petition in the mail, he neither inquired about the status of his post-conviction motion with the state court nor attempted to compel action on it within the federal limitations period.

While the three P.D. Office letters seem to suggest that Petitioner provided copies of his PCR application to the public defender (*id.*), the P.D.'s Office is not a "forum" within the meaning of the equitable tolling doctrine.[5] Thus, Petitioner's provision of copies of his PCR petition to the P.D.'s Office is not "assert[ion] of his rights in the wrong forum." The P.D. Office letters in the PCR Evidence thus do not demonstrate extraordinary circumstances for equitable tolling. *Cf. Fahy*, 240 F.3d at 243 (in non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

---

[5] Cases interpreting the "wrong forum" element of *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) usually refer to a peremptory filing in federal court prior to exhaustion of state-law claims. *Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006). The "wrong forum" test for extraordinary circumstances usually applies to a petitioner's filing of a federal habeas petition in the wrong forum, and not to state court filings. Petitioner in this case has not suggested any facts or circumstances warranting a broader construction of this term.

14

Nothing in the PCR Evidence demonstrates any circumstances constituting either the reasonable diligence or extraordinary circumstances prongs for equitable tolling.

## IV. CONCLUSION

As noted in this Court's May 16, 2018 Opinion, the Petition is untimely. For all of the reasons described herein, neither the record before this Court as of May 16, 2018 (*see* ECF No. 11) nor Petitioner's subsequent submission of the PCR Evidence (ECF No. 12) supports statutory or equitable tolling.

Therefore, the Petition is denied with prejudice and no certificate of appealability shall issue.

An appropriate Order follows.

Dated: Sept 21, 2018

Madeline Cox Arleo
United States District Judge

15